Filed 7/19/24  P. v. Lopez CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>MICHAEL SANTILLAN LOPEZ,<br><br>　　　Defendant and Appellant. | B329792<br><br>(Los Angeles County Super. Ct. No. PA054272) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, David W. Stuart, Judge.  Affirmed.

　　　Emry J. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Michael Santillan Lopez appeals from the denial of his resentencing petition under Penal Code[1] section 1172.6.  We affirm.  Defendant's jury was not instructed on the natural and probable consequences doctrine when it convicted him of attempted murder, and thus he is ineligible for relief under the plain language of the statute.  Additionally, the record of conviction establishes the jury did not convict defendant under any theory of imputed malice.

## BACKGROUND

In 2008, a jury convicted defendant of willful, deliberate and premediated attempted murder of a peace officer, along with several nonhomicide offenses.  The trial court sentenced defendant to 114 years to life.  Edward Alcala, defendant's codefendant, pleaded guilty before trial.

In 2021, defendant petitioned for resentencing under former section 1170.95, since renumbered 1172.6.  The resentencing court appointed counsel for defendant, received briefing, and held a hearing as to whether defendant made a prima facie showing for relief.

At the hearing, the parties confirmed defendant's jury had not been instructed on the natural and probable consequences doctrine.  The resentencing court then denied the petition, finding that in the case of attempted murder, section 1172.6 applies only to convictions under the natural and probable consequences doctrine.  In support, the court cited the statutory language and *People v. Coley* (2022) 77 Cal.App.5th 539 (*Coley*).  Defendant timely appealed.

---

[1]  Unspecified statutory citations are to the Penal Code.

2

# DISCUSSION

Section 1172.6 allows defendants retroactively to seek resentencing for certain homicide offenses in light of changes enacted in 2018 to the Penal Code. (*People v. Lee* (2023) 95 Cal.App.5th 1164, 1173.) The resentencing court may deny relief without holding an evidentiary hearing if "the record of conviction or the court's own documents indicate the petitioner is ineligible for resentencing as a matter of law." (*Id.* at p. 1174.) We review de novo the resentencing court's finding that a defendant has not made the requisite prima facie showing for relief. (*Ibid.*)

The resentencing court did not err in denying defendant's petition. To qualify for relief, a defendant must show, inter alia, "A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *or attempted murder under the natural and probable consequences doctrine.*" (§ 1172.6, subd. (a)(1), italics added.)

As the resentencing court correctly observed, this language limits the statute's application in the case of attempted murder to convictions under the natural and probable consequences doctrine. (*Coley*, *supra*, 77 Cal.App.5th at p. 548 [§ 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine"]; accord, *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865.) The parties confirmed to the resentencing court that defendant's jury was not instructed on the natural and probable consequences doctrine when it

convicted him of attempted murder. Defendant is ineligible for relief.

Defendant argues relief under section 1172.6 is not limited to convictions under the natural and probable consequences doctrine, but extends to convictions "based on *any* theory which allowed malice to be 'imputed' " to the defendant. Under the plain language of the statute, section 1172.6 applies to *murders* if the prosecution proceeded on any "theory under which malice is imputed to a person based solely on that person's participation in a crime," but that same language is not extended to cases of *attempted* murder. (§ 1172.6, subd. (a)(1); *Coley*, *supra*, 77 Cal.App.5th at p. 548.)

Assuming arguendo, despite the plain language, section 1172.6 applies more broadly to attempted murder convictions obtained under imputed malice theories other than the natural and probable consequences doctrine, defendant fails to show the jury could have imputed malice to him in this case. Defendant argues the jury may have been misled by CALCRIM No. 400, which as read at defendant's trial provided, "A person may be guilty of a crime in two ways. One, he or she may have directly committed the crime. I will call that person the perpetrator. Two, he or she may have aided and abetted a perpetrator, who directly committed the crime. A person is equally guilty of the crime whether he or she committed it personally or aided and abetted the perpetrator who committed it."

Since the time of defendant's trial, courts have criticized the version of CALCRIM No. 400 given to defendant's jury as suggesting an aider and abettor may not be convicted of a lesser crime than the direct perpetrator based on the aider and abettor's

4

own mens rea. (See, e.g., *People v. Samaniego* (2009) 172 Cal.App.4th 1148, 1164–1165.) In 2010, the Judicial Council revised the instruction to remove the word "equally" from the phrase "equally guilty." (*People v. Johnson* (2016) 62 Cal.4th 600, 640 (*Johnson*).)

In *Johnson*, however, our Supreme Court held that any ambiguity created by CALCRIM No. 400 is rectified if the jury is also instructed with CALCRIM No. 401. (*Johnson, supra*, 62 Cal.4th at pp. 640–641.) As summarized in *Johnson*, that instruction provides that to prove guilt for murder as an aider and abettor, "the prosecution must prove that defendant knew [the perpetrator] intended to kill [the victim], that he intended to aid and abet [the perpetrator] in committing the killing, and that he did in fact aid him in that killing." (*Id.* at p. 641.) The Supreme Court concluded that this additional instruction "would have cleared up any ambiguity arguably presented by CALCRIM former No. 400's reference to principals being 'equally guilty.' " (*Johnson*, at p. 641.) Therefore, "there was no reasonable likelihood the jurors would have understood the 'equally guilty' language in CALCRIM former No. 400 to allow them to base defendant's liability for first degree murder on the mental state of the actual shooter, rather than on defendant's own mental state in aiding and abetting the killing." (*Johnson*, at p. 641.)

Defendant's jury was instructed with CALCRIM No. 401, specifically that to find defendant guilty as an aider and abettor, the jury had to find "defendant knew that the perpetrator intended to commit the crime," that "defendant intended to aid and abet the perpetrator in committing the crime," and "defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime." The instruction further

5

provided, "Someone aids and abets a crime if he or she knows of the perpetrator's unlawful purpose and he or she specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime."

In the case of attempted murder, the perpetrator's "unlawful purpose" is to kill someone. (See *People v. Lee* (2003) 31 Cal.4th 613, 623 [attempted murder requires specific intent to kill].) Under CALCRIM No. 401, the jury could not have convicted defendant as an aider and abettor without finding defendant knew his accomplice intended to kill someone, and defendant intended to aid, facilitate, promote, encourage, or instigate that killing—that is, that defendant also intended to kill. As in *Johnson*, CALCRIM No. 401 removes the ambiguity arguably created by CALCRIM No. 400, and the instructions would not have misled the jury to convict defendant based on the mental state of the perpetrator rather than his own mental state.

Defendant argues CALCRIM No. 401 "does not state that an aider and abettor must harbor an intent to kill to support a finding of attempted murder, nor does it even require that the aider and abettor share the unlawful intent or purpose of the direct perpetrator." This assertion is refuted by the plain language of CALCRIM No. 401, which requires the aider and abettor to know the perpetrator's unlawful purpose and intend to assist in that purpose. The intent to kill requirement is supplied not by CALCRIM No. 401 but the attempted murder instruction itself. Although the attempted murder instruction given to defendant's jury is not included in the limited record before us, defendant concedes in his briefing "the jury in [defendant's] case was aware the crime of attempted murder required an intent to kill." Thus, the combination of the attempted murder instruction

6

and CALCRIM No. 401 informed the jury that defendant could not be convicted as an aider and abettor to attempted murder without a finding that he personally intended to kill.

In his reply brief, defendant contends he "is not arguing that . . . CALCRIM No. 400 permitted [defendant] to be found guilty based on the intent (state of mind) of the direct perpetrator. The claim is that such instruction [allowed defendant] to be found guilty based on his *own* state of mind, even if it was not shown that he harbored the intent to kill." We do not understand this argument—the problem with the former version of CALCRIM No. 400 identified in the case law is the possibility an aider or abettor will be convicted based on the mens rea of the direct perpetrator. (See *Johnson*, *supra*, 62 Cal.4th at p. 641.) In any event, as we have explained, CALCRIM No. 401 made clear to the jury it could not convict defendant as an aider and abettor without finding *he* harbored an intent to kill.

Defendant argues that to the extent he made the required prima facie showing, the denial of his petition without an evidentiary hearing violated his constitutional rights. Because we conclude defendant did not make the required prima facie showing, we do not reach this argument.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.

BENDIX, Acting P. J.

We concur:

WEINGART, J.

KELLEY, J.*

---

**\*** Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.